MAURICE D. PESSAH (SBN: 275955)
maurice@pessahgroup.com
**PESSAH LAW GROUP, PC**
9100 Wilshire Blvd., Suite 850E
Beverly Hills, CA 90212
Tel: (310) 772-2261

Attorneys for Defendants,
MEDIALAB.AI, INC. and
MICHAEL HEYWARD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

TOM LEHMAN,

         Plaintiff,

   v.

MEDIALAB.AI, INC., a Delaware
corporation, OTIN HOLDINGS,
LLC, a Delaware limited liability
company, MICHAEL HEYWARD,
an individual, and DOES 1-10,
inclusive,

         Defendants.

Case No: 2:23-cv-09055

**DEFENDANTS MEDIALAB.AI, INC. AND MICHAEL HEYWARDS NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(1), OR IN THE ALTERNATIVE, DISMISS FRAUD CLAIM PURSUANT TO FRCP RULES 9(b) AND 12(b)(6) AND MOTION TO STAY**

*[Filed concurrently with Declaration of Maurice Pessah and [Proposed] Order]*

Response Deadline: January 15, 2024
Hearing Date: February 26, 2024
Time: 10:00 a.m.
Courtroom: 8D
Judge: Hon. Christina A. Synder

Complaint Filed: October 26, 2023
Trial Date: None Set

1

DEFENDANTS MEDIALAB.AI, INC. AND MICHAEL HEYWARD'S NOTICE OF MOTION AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION…………………………..……………………....4

II.  RELEVANT BACKGROUND AND PROCEDURAL
     HISTORY………………………………………………...……5

III. LEGAL STANDARD………………….………………….…....…..6

   A. Subject Matter Jurisdiction……………...…………………….……6

       1.  Diversity Jurisdiction…………………………….……....7

   B. Motion to Dismiss Under Rule 12(b)(6).........................................8

IV.  ARGUMENT……………………………………………….………9

   A. The Complaint Should Be Dismissed Because Plaintiff Has Failed to Plead
     Complete Diversity Jurisdiction……………………...…..………...........9

       1.  *Plaintiff Fails to Plead Complete Diversity*.........................9
       2.  *Plaintiff Fails to Plead Amount in Controversy*.................10

   B. The Fraud Claim Should Be Dismissed Because The Complaint Analyzes
     The Claim Under California Law, But Delaware Law is Applicable
     Pursuant to The Agreement……………………...……........................11

   C. Plaintiff Fails to Plead the "Alter Ego" Theory On Which His Fraud Claim
     Would Need to Rely for Michael Heyward……………………....................12

   D. Plaintiff's Fraud Claim Fails under FRCP Rule 9(b), Delaware and
     California Law…………………………………............……………......14
       1.  *Plaintiff Failed To Plead His Fraud Claim With Sufficient
        Particularity Under FRCP Rule 9(B), Delaware And California
        Law*…………………………………………….......................14
       2.  *Plaintiff Cannot Demonstrate Justifiable Reliance Under
        Delaware Law*......................................................................17
       3.  *Plaintiff Has Not Demonstrated Damages As A Result Of
        Reliance*……………………………………….…………17

   E. The Fraud Claim Should Be Dismissed Because The Economic Loss Rule
     Bars Recovery, And No Exception Applies……………………...............18

   F. Plaintiff Has Waived Jury Trial...........................................……...…21

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

G.  In The Alternative, The Court Should Stay This Action Until The
Arbitration Is Complete…………………………………………....……21
V.     CONCLUSION………………………………………...............……..……...21

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**FEDERAL CASES**

*All Cities Realty, Inc. v. Hollymax Realty, Inc*.,

   No. SACV08195AHSMLGX, 2010 WL 11523916, at *2 (C.D. Cal. Jan. 21,

2010)……………………………………………………………………...…13

*Arbaugh v. Y&H Corp.*,

   546 U.S. 500, 506 (2006)………………………………………………..6

*Ashcroft v. Iqbal*,

   129 S. Ct. 1937, 1939 (2009)……………………………………………8,9

*Balistreri v. Pacifica Police Dept.*,

   901 F.2d 696, 699 (9th Cir. 1988)………………………………………8

 *Bell Atl. Corp. v. Twombly*,

   550 U.S. 544, 570 (2007)…………………………………………………8

*Caterpillar Inc. v. Lewis*,

   519 U.S. 61, 68 (1996)…………………………………..………7,9

*Doe v. Holy See*,

   557 F.3d 1066, 1073 (9th Cir. 2009)……………………………...…10

*E*mps. Tr. Fund v. Am. Empire Bldg. Corp.,

   No. 14-CV-04054 NC, 2015 WL 4538070, at *3 (N.D. Cal. July 27, 2015)..13

*Erie R.R. v. Tompkins*,

   304 U.S. 64, 69 (1938)………………………………………………...…11

*Exch. Nat'l Bank of Chi. v. Touche Ross & Co.*,

   544 F.2d 1126, 1131 (2d Cir. 1976)………………………………………7

*Exxon Mobil Corp. v. Allapattah Servs.*,

   545 U.S. 546, 553 (2005)…………………………………………………8

*First Intercontinental Bank v. Ahn*,

   798 F.3d 1149, 1152 (9th Cir. 2015)……………………………...…11

*Foster Poultry Farms v. Alkar-RapidPak-MP Equipment, Inc.*,
    868 F. Supp.2d 983, 993 (E.D. Cal. 2012)……………………….…...19,20

*Frysinger v. Mitchell*,
    No. 22-00049 SOM-RT, 2022 U.S. Dist. LEXIS 198436, at *3 (D. Haw. Nov. 1, 2022)……………...……………………………………...……10

*Gabana Gulf Distrib., Ltd. v. Gap Int'l Sales, Inc.*,
    No. C 06-02584 CRB, 2008 U.S. Dist. LEXIS 1658, at *25 (N.D. Cal. Jan. 9, 2008)………………….…………………………………..……17

*Hertz Corp. v. Friend*,
    559 U.S. 77, 96-97 (2010)……………………………………………8

*Inland Rubber Corp. v. Triple A Tire Serv., Inc.*,
    220 F. Supp. 490, 491 (S.D.N.Y. 1963)…………………………..……9

*Int'l Union of Operating Eng'rs v. Cnty. of Plumas*,
    559 F.3d 1041, 1043-44 (9th Cir. 2009)…………………………...…6

*Intelligraphics, Inc. v. Marvell Semiconductor, Inc.*,
    No. C07–02499 JCS, 2009 WL 330259, at *17 (N.D. Cal. Feb. 10, 2009)….20

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120, 1124-25 (9th Cir. 2009)……………………………14

*Kenney v. Deloitte, Haskins & Sells,*
    No. C 91-0590 BAC, 1992 U.S. Dist. LEXIS 14600, at *6 (N.D. Cal. Sept. 1, 1992)……………………………..……………………...………17

*Kingsburg Apple Packers, Inc. v. Ballantine Produce Co.,*
    No. 1:09-CV-901-AWI-JLT, 2010 WL 2817056, at *5 (E.D. Cal. July 16, 2010)……………...……………………………….…………..……13

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
    511 U.S. 375, 377 (1994)……………………………………………6

*Lacano Invs., LLC v. Balash*,
    765 F.3d 1068, 1071 (9th Cir. 2014)………………………………10

*McCarthy v. United States*,

 850 F.2d 558, 560 (9th Cir. 1988)…………………………………………7

*MH Pillars Ltd. v. Realini*,

 No. 15-CV-1383-PJH, 2017 WL 916414, at *14 (N.D. Cal. Mar. 8, 2017)………………………………………………………12-13

*Multifamily Captive Group, LLC v. Assurance Risk Managers, Inc.*,

 629 F.Supp.2d 1135, 1146 (E.D. Cal. 2009)………………………….....20, 21

*Nat'l Standard Fin. LLC v. Physicians Hosp. of Desert Cities LLC*,

 No. EDCV 13-0010-DTB, 2013 WL 12131185, at *6 (C.D. Cal. May 9, 2013)…………………………………………………………..13

*Navarro v. Block*,

 250 F.3d 729, 732 (9th Cir. 2001)……………………………...……7, 13

*Peralta v. Hispanic Bus., Inc.*,

 419 F.3d 1064, 1068 (9th Cir. 2005)………………………………………7

*Rich Products Corp. v. Kemutec, Inc.*,

 66 F.Supp.2d 937, 969 (E.D.Wis.1999)…………………………….………18

*Rosal v. First Fed. Bank of Cal.*,

 671 F. Supp. 2d 1111, 1132 (N.D. Cal. 2009)………………………14

*Ruhrgas AG v. Marathon Oil Co.*,

 526 U.S. 574, 583 (1999)…………...……………………………..6

*Sec. Nat'l Ins. Co. v. United States*,

 No. 2:13-cv-01594-MCE-CKD, 2014 U.S. Dist. LEXIS 17312, at *4-6 (E.D. Cal. Feb. 10, 2014)……………………………………..………7

*Seismic Reservoir 2020, Inc. v. Paulsson*,

 785 F.3d 330, 335 (9th Cir. 2015)………………………………………8

*Schwarzkopf v. IBM*,

 No. C 08-2715 JF (HRL), 2010 U.S. Dist. LEXIS 46813, at *42 (N.D. Cal. May 12, 2010)……………………...…………………………17

*St. Clair v. City of Chico*,

    880 F.2d 199, 201 (9th Cir. 1989)…………………………………...…7

*Terenkian v. Republic of Iraq*,

    694 F.3d 1122, 1131 (9th Cir. 2012)………………………………….8

*Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*,

    594 F.2d 730, 733 (9th Cir. 1979)……………………………………6,7

*Trentacosta v. Frontier Pac. Aircraft Ind., Inc.*,

    813 F.2d 1553, 1558 (9th Cir. 1987)………………………….….7

*Oracle USA, Inc. v. XL Global Services, Inc.*,

    No. C 09–00537, 2009 WL 2084154, at *4 (N.D. Cal. July 13, 2009)…18, 20

*United States v. Cotton*,

    535 U.S. 625, 630 (2002)…………………………………………………6

**STATE CASES**

*Abry Partners V, L.P. v. F & W Acquisition LLC*,

    891 A.2d 1032, 1050 (Del. Ch. 2006)………………………………15

*Energy Marine Servs., Inc. v. DB Mobility Logistics AG*,

    No. CV 15-24-GMS, 2016 WL 284432, at *3 (D. Del. Jan. 22, 2016)…...…12

*Lazar v. Superior Court*,

    12 Cal. 4th 631, 643 (1996)………………………………………….19

*Metro Commc'n Corp. BVI v. Advanced Mobilecomm Techs. Inc.*,

    854 A.2d 121, 144 (Del. Ch. 2004)………………………………14

*Millsboro Fire Co. v. Constr. Mgmt. Serv.*,

    No. 05C-06-137 MMJ, 2006 Del. Super. LEXIS 536, at *6 (Super. Ct. June

    7, 2006)………………………………………………….………18

*Nye Odorless Incinerator Corp. v. Felton*,

    162 A. 504, 510–11 (Del. Super. 1931)……………………...……17

*Robinson Helicopter Co., Inc. v. Dana Corp.*,

    34 Cal.4th 979, 988 (2004)………………………………….…18,19,20

*Stephenson v. Capano Development, Inc.*,

 462 A.2d 1069, 1074 (Del. 1983)……………………………….……..17

*Vichi v. Koninklijke Philips Elecs. N.V.*,

 85 A.3d 715 772 (Del. Ch. 2014)……………………………..……11

*Wallace ex rel. Cencom Cable Income Partners II, Inc., L.P. v. Wood*,

 752 A.2d 1175, 1184 (Del. Ch. 1999)………………………………13

*West v. JPMorgan Chase Bank, N.A.*,

 214 Cal. App. 4th 780, 793 (2013)……………………………….……15

*Young & McPherson Funeral Home, Inc. v. Butler's Home Improvement, LLC*,

 2015 WL 4656486, at *3 (Del. Super. Aug. 6, 2015)…………….………14

**FEDERAL STATUTES**

28 U.S.C. § 1331……………………………………….……..7

28 U.S.C. § 1332………………………………………......7,9,10,11

28 U.S.C. § 1332(a)……………………………………......7

28 U.S.C. § 1332(c)(1)……………………………..……8,9

**STATE STATUTES**

California Civil Procedure §1572………………………...……………11

C.C.P.§ 1709………………………………………..……………11

C.C.P.§ 1710……………………………………….……………11

**FEDERAL RULES**

Federal Rule of Civil Procedure 9(b)…………………………………4,14

Fed. R. Civ. P. 12(b)(1)……………………………………….4,6,8

Fed. R. Civ. P.12(b)(6)………………………………...4,8,9, 19, 21

Fed. R. Civ. P. 12(h)(3)………………………………...6,7

**STATE RULES**

Super. Ct. Civ. R. 9(b)………………………………….…..15

Del. Ch. Ct. R. 9(b)……………………………………..…..15

**SECONDARY SOURCES**

W. Prosser, Law of Torts, 685–86 (4th ed. 1971)…………………………...…17

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN THAT on February 26, 2024, at 10:00 a.m. or at such time thereafter as the matter may be heard before the Honorable Christina A. Snyder, in Courtroom 8D of the United States Courthouse for the Central District of California, 350 W. First Street, Eighth Floor, Los Angeles, California 90012, Defendants MediaLab.Ai, Inc. ("MediaLab") and Michael Heyward ("Heyward," together with MediaLab, "Defendants" and each, a "Defendant") will and hereby does move the Court to dismiss the Complaint (ECF No. 3-1) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) for lack of subject matter jurisdiction. In the alternative, Plaintiff moves dismiss the fraud claim pursuant to Rule 9(b) for failure to plead fraud with particularity, and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Additionally, Plaintiff requests this Court stay the action pending the completion of a pending arbitration between Claimant Tom Lehman and Defendant MediaLab.

On December 7, 2023, counsel for Defendants and Plaintiff Tom Lehman met and conferred via telephone. (Declaration of Maurice Pessah ["Pessah Decl."] ¶ 7).

As set forth in the accompanying Memorandum of Points and Authorities, there is good cause for the relief requested. Plaintiff's complaint fails to plead subject matter jurisdiction, to describe the alleged fraudulent representations with requisite particularity under Rule 9(b), fails to plead alter ego liability and fails to allege facts sufficient to state the claim under Rule 12(b)(6). Moreover, as the economic loss rule bars the requested relief under the claim of fraud and therefore no legally cognizable claim can be plead under Rule 12(b)(6).

This Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the pleadings and papers filed in this action; and such further argument and matters as may be offered at the time of the hearing of this Motion.

1   Dated: January 15, 2024                   **PESSAH LAW GROUP, PC**

2

3

4                                      By:   */s/ Maurice Pessah*

5                                          Maurice D. Pessah
6                                          Attorneys for Defendants,
                                           MEDIALAB.AI, INC. and
7                                          MICHAEL HEYWARD

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS MEDIALAB.AI, INC. AND MICHAEL HEYWARD'S NOTICE OF MOTION AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

Plaintiff Tom Lehman ("Plaintiff or "Lehman") has sued defendants MediaLab.AI, Inc. ("MediaLab"), Otin Holdings LLC ("Otin Holdings"), Michael Heyward, ("Heyward") and DOES 1-10 for alleged breach of contract, tortious interference with contract and fraud. Defendants MediaLab and Heyward ("Defendants") bring this motion to dismiss Plaintiff's unredacted Complaint (the "Complaint")  pursuant to Fed. R. Civ. P. 12(b)(1), or in the alternative, motion to dismiss Plaintiff's fraud claim pursuant to  F.R.C.P. 9(b) for failure to plead fraud with particularity and F.R.C.P. 12(b)(6) and to state a claim upon which relief can be granted (the "Motion"). Plaintiff's Complaint fails to plead subject matter jurisdiction, alter ego liability, and to describe the key allegations with particularity.

Here, the basic factual contentions required to plead diversity jurisdiction and fraud, including the principal place of business of Otin Holdings, alter ego claims, specific misrepresentations contested as fraudulently made, and dates of such alleged misrepresentations, are conspicuously missing from the operative pleading. Read most-charitably, the Complaint ultimately sounds in breach of contract, with no harm alleged beyond non-payment under a contract. Defendants therefore respectfully request that this Court dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

In the alternative, Defendants requests dismissal of Plaintiff's Third Cause of Action for Fraud, without leave to amend. Additionally, Plaintiff and MediaLab are concurrently engaged in an arbitration based upon the same nucleus of operative facts. Specifically, MediaLab acquired a company, Genius, where Plaintiff served as its chief executive officer. As part of the acquisition, Plaintiff and Defendants concurrently entered into two agreements. Importantly, Plaintiff and MediaLab executed an employment agreement that mandates that all disputes be resolved in binding arbitration. Thus, should the Court deny Defendants' motion to dismiss the

Complaint, Defendants request the Court to stay this action until the arbitration has been concluded.

## II.        RELEVANT BACKGROUND AND PROCEDURAL HISTORY

On September 13, 2021, Plaintiff and MediaLab simultaneously entered into two agreements, a September 13, 2021 Put Agreement and a September 13, 2021 Employment Agreement. (Compl. at ¶ 23, ECF No. 3-1).

On September 28, 2023, Plaintiff Tom Lehman initiated a petition for an order compelling arbitration against MediaLab in the Superior Court of California, Los Angeles. (Declaration of Maurice Pessah ["Pessah Decl."] ¶ 3)

On June 8, 2023, Plaintiff initiated arbitration before JAMS (the "Arbitration") against Defendant MediaLab to enforce the Employment Agreement (Compl. ¶ 33, ECF No. 3-1). The claims in Arbitration arise out of the same nucleus of facts  set forth in the Complaint, specifically that MediaLab acquired Genius Media Group and two simultaneous agreements were entered into, the Employment Agreement, and the other the Put Agreement. In the Arbitration, Plaintiff is alleging that MediaLab failed to pay Lehman's retention bonus arising out of the Employment Agreement. (Compl. ¶ 34, ECF No. 3-1). The Arbitration is at issue.

On November 9, 2023, Plaintiff served MediaLab with the Complaint in this action for breach of contract, fraud, *inter alia*. ("Pessah Decl." ¶ 4).

On November 27, 2023,  the parties filed the first stipulation to extend MediaLab's response deadline to Plaintiff's Complaint by 14 days, pursuant to Local Rule 8-3. (Pessah Decl. ¶ 5).

On December 4, 2023, the parties filed the second stipulation to extend MediaLab's response deadline to Plaintiff's Complaint by an additional 16 days, pursuant to Local Rule 8-3. (Pessah Decl. ¶ 6).

On December 7, 2023, counsel for Defendants and Plaintiff met and conferred via telephone pursuant to Local Rule 7-3. (Pessah Decl. ¶ 7).

On January 9, 2024, the Court ordered that Defendant MediaLab.Ai, Inc.'s

1   responsive pleadings to Plaintiff's Complaint be due on January 15, 2024. (Ord.
2   Extending Answer Due Deadline, ECF No. 25). This Motion followed.

3   **III.   LEGAL STANDARD**

4       **A.   Subject Matter Jurisdiction**

5       "Federal courts are courts of limited jurisdiction, and are presumptively
6   without jurisdiction over civil actions." *Kokkonen v. Guardian Life Ins. Co. of Am.*,
7   511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the
8   party asserting jurisdiction. *Id.* Because subject matter jurisdiction involves a court's
9   power to hear a case, it can never be forfeited or waived. *United States v. Cotton*,
10  535 U.S. 625, 630 (2002). Accordingly, lack of subject matter jurisdiction may be
11  raised by either party at any point during the litigation, through a motion to dismiss
12  pursuant to Federal Rule of Civil Procedure 12(b)(1).4 *Arbaugh v. Y&H Corp.*, 546
13  U.S. 500, 506 (2006); *see also Int'l Union of Operating Eng'rs v. Cnty. of Plumas*,
14  559 F.3d 1041, 1043-44 (9th Cir. 2009). Lack of subject matter jurisdiction may
15  also be raised by the district court sua sponte. *Ruhrgas AG v. Marathon Oil Co.*,
16  526 U.S. 574, 583 (1999). Indeed, "courts have an independent obligation to
17  determine whether subject matter jurisdiction exists, even in the absence of a
18  challenge from any party." *Id.*; *see* Fed. R. Civ. P. 12(h)(3) (requiring the court to
19  dismiss the action if subject matter jurisdiction is lacking).

20      There are two types of motions to dismiss for lack of subject matter
21  jurisdiction: a facial attack and a factual attack. *Thornhill Publ'g Co. v. Gen. Tel. &*
22  *Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). A party may either make an attack
23  on the allegations of jurisdiction contained in the nonmoving party's complaint, or
24  may challenge the existence of subject matter jurisdiction in fact, despite the formal
25  sufficiency of the pleadings. *Id.*

26      In the case of a factual attack, "no presumptive truthfulness attaches to
27  plaintiff's allegations." *Thornhill*, 594 F.2d at 733 (internal citation omitted). The
28  party opposing the motion has the burden of proving that subject matter jurisdiction

does exist, and must present any necessary evidence to satisfy this burden. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). If the plaintiff's allegations of jurisdictional facts are challenged by the adversary in the appropriate manner, "the plaintiff cannot rest on the mere assertion that factual issues may exist." *Trentacosta v. Frontier Pac. Aircraft Ind., Inc.*, 813 F.2d 1553, 1558 (9th Cir. 1987) (quoting *Exch. Nat'l Bank of Chi. v. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2d Cir. 1976)). Furthermore, the district court may review any evidence necessary, including affidavits and testimony, in order to determine whether subject matter jurisdiction exists. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988); *Thornhill*, 594 F.2d at 733. "If the nonmoving party fails to meet its burden and the court determines that it lacks subject matter jurisdiction, the court **must** dismiss the action. Fed. R. Civ. P. 12(h)(3)." *Sec. Nat'l Ins. Co. v. United States*, No. 2:13-cv-01594-MCE-CKD, 2014 U.S. Dist. LEXIS 17312, at *4-6 (E.D. Cal. Feb. 10, 2014) (*emphasis added*).

Subject matter jurisdiction is conferred on federal courts either through diversity jurisdiction pursuant to 28 U.S.C. § 1332 or through federal question jurisdiction pursuant to 28 U.S.C. § 1331. *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005).

### 1.    *Diversity Jurisdiction*

The basis of diversity jurisdiction is found at Title 28 U.S.C. § 1332. Diversity jurisdiction exists when there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Section 1332(a) requires complete diversity. *Id.* "In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 553 (2005). The burden of establishing that diversity jurisdiction exists rests on the party asserting it. *Hertz*

*Corp. v. Friend*, 559 U.S. 77, 96-97 (2010). "The federal diversity jurisdiction statute provides that [1] 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated *and of the State where it has its principal place of business.*' 28 U.S.C. § 1332(c)(1) (emphasis added)" *Hertz Corp. v. Friend*, 559 U.S. 77, 80, (2010). The phrase "principal place of business" in 28 U.S.C.S. § 1332(c)(1) refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Courts have often metaphorically called that place the corporation's "nerve center." The "nerve center" will typically be found at a corporation's headquarters. *Hertz Corp. at* 77.

### B.  Motion to Dismiss Under Rule 12(b)(6)

On Rule 12(b)(6) motions, claims are subject to dismissal based on a dispositive legal issue, *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015), or for failure to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1939 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *Twombly* and *Iqbal* apply with equal force to Rule 12(b)(1) motions challenging the existence of Article III standing on the face of the complaint. *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012).

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal may be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). In *Ashcroft v. Iqbal*, the Supreme Court elaborated on the standard for evaluating pleadings in conjunction with a motion to dismiss filed pursuant to Rule 12(b)(6). 129 S. Ct. 1937, 1949-50 (2009) (*internal citations omitted*). The Supreme Court suggested a three-step process for courts to apply in considering a motion to dismiss. First, the Court must identify the elements

of the cause of action in light of interpreting case authority. *Id.* at 1947. Second, the Court should begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1949-50. Third, the Court must consider any remaining factual allegations to "determine whether they plausibly give rise to an entitlement of relief." *Id.* at 1950.

**IV.**      <u>**ARGUMENT**</u>

    **A.**     **The Complaint Should Be Dismissed Because Plaintiff Has Failed to Plead Complete Diversity Jurisdiction**

        ***1.***   ***Plaintiff Fails to Plead Complete Diversity.***

Plaintiff has failed to plead diversity jurisdiction. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated **<u>and</u>** of the State or foreign state *where it has its principal place of business…*" 28 U.S.C.S. § 1332(c)(1) (*emphasis added*); *see also Inland Rubber Corp. v. Triple A Tire Serv., Inc.*, 220 F. Supp. 490, 491 (S.D.N.Y. 1963) (stating "[28 U.S.C.S. §] 1332 is amended to provide that in cases based upon diversity of citizenship a corporation shall be deemed a citizen both of the State of its creation and the State in which it has its principal place of business.")

The Complaint fails to establish that the Plaintiff is of a different state citizenship than all of the Defendants. *Caterpillar Inc.*, 519 U.S. at 68. The Complaint indicates that Plaintiff Lehman is an individual who lives in Germantown, New York. (Compl. at ¶¶ 7, 12; ECF No. 4) Defendant MediaLab is incorporated in Delaware with a principal place of business in Los Angeles, CA, and Defendant Otin Holdings, LLC, is incorporated in Delaware. (Compl. ¶ 12, ECF No. 3-1). However, Plaintiff alleges that Defendant Otin Holdings, LLC has "**no physical presence in any state**" and "**<u>does not know</u> the identities or citizenship** of the members of Otin Holdings other than Brad Brooks." (Compl.¶ 9, ECF No. 3-1)(*emphasis added*). Further, Plaintiff states that the "Doe Defendants" are entities that loaned money to MediaLab, and their citizenship is ***not known*** to Plaintiff." (Compl. ¶ 12; ECF No. 3-1).(emphasis added).

Accordingly,  diversity jurisdiction has not been sufficiently plead because Plaintiff has not alleged where Otin Holdings' principal place of business is. Plaintiff alleges that Otin Holdings has no physical presence in any state and that he is not aware of the identities or citizenship of its members. Plaintiff speculates based on the alleged residence of one member of the entity, and concludes that it is sufficient for jurisdiction. For purposes of complete diversity, an entity's principal place of business must be plead and cannot be excluded. Otin Holdings or any DOE could very well be a citizen of New York. There must be **complete** diversity for the Court to have subject matter jurisdiction.

### 2. *Plaintiff Fails to Plead Amount in Controversy*

With respect to the amount in controversy, Plaintiff alleges that the amount in controversy exceeds $75,000" and accordingly, diversity jurisdiction exists. When a complaint includes legal conclusions, they are not accepted as true "even if 'cast in the form of factual allegations.'" *Lacano Invs., LLC v. Balash*, 765 F.3d 1068, 1071 (9th Cir. 2014) (emphasis in original) (quoting *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009)). *Frysinger v. Mitchell*, No. 22-00049 SOM-RT, 2022 U.S. Dist. LEXIS 198436, at *3 (D. Haw. Nov. 1, 2022). Plaintiff only alleges that "[t]he amount Otin Holdings was supposed to pay for Mr. Lehman's remaining MediaLab's shares is more than $75,000." (Compl. ¶ 41, ECF No. 3-1). However, Plaintiff did not indicate with any specificity the amount on the face of the Complaint.

Accordingly, the Complaint must be dismissed for failure to adequately plead diversity jurisdiction.

### B. The Fraud Claim Should Be Dismissed Because The Complaint Analyzes The Claim Under California Law, But Delaware Law Is Applicable Pursuant To The Agreement.

Plaintiff's claims are based on the Put Agreement entered into between Plaintiff, MediaLab and Otin Holdings. Plaintiff asserts subject matter jurisdiction under 28 U.SC. § 1332. "Except in matters governed by the U.S. Constitution or by

acts of Congress, the law to be applied in any case is the law of the state." *Erie R.R. v. Tompkins*, 304 U.S. 64, 69 (1938). Accordingly, the law applied to this case is the substantive law of the state.

Here, Plaintiff twice cites to § 14 of a Put Agreement, as a basis for jurisdiction and venue in this Court. (Compl. ¶¶ 13, 19; ECF No. 3-1). Immediately preceding the sentence in Section 14, is a Delaware choice of law provision ("This Agreement shall be governed by and construed in accordance with the internal laws of the State of Delaware without giving effect to any choice or conflict of law provision or rule (whether of the State of Delaware or any other jurisdiction) that would cause the application of Laws of any jurisdiction other than those of the State of Delaware.")) (Pessah Decl. ¶ 8).

"California generally enforces parties' freely-negotiated choice-of-law clauses. It is to the interest of the public generally that the right to make contracts should not be unduly restricted, and no agreement will be pronounced void, as being against public policy unless it clearly contravenes that which has been declared by statutory enactment or by judicial decisions to be public policy, or unless the agreement manifestly tends in some way to injure the public." *First Intercontinental Bank v. Ahn*, 798 F.3d 1149, 1152 (9th Cir. 2015).

As Delaware law applies to Plaintiff's claims, claims based on California statutes, must be dismissed. *See Vichi v. Koninklijke Philips Elecs. N.V.*, 85 A.3d 715 772 (Del. Ch. 2014) (finding that where English law did not apply, a party could not invoke an English statute.)

Here, Plaintiff's Fraud claim is based on California Civil Procedure §§ 1572, 1709, and 1710. (Compl. 14: 15-17; ECF No. 3-1). Accordingly, the Fraud claim must be dismissed. Additionally, the breach of contract claim fails to state which law is applicable, so to the extent the claim is applied under California law, it must be dismissed as well.

**C.**      **Plaintiff Fails to Plead the "Alter Ego" Theory On Which His Fraud Claim Would Need to Rely for Michael Heyward.**

Plaintiff fails to plead alter ego liability for Defendant Heyward. Plaintiff alleges that Michael Heyward, CEO of MediaLab, is individually liable for the Fraud Claim set forth in the Complaint. Plaintiff's claims all arise out of the Put Agreement, to which Michael Heyward is not an individual party. However, notably absent from the Complaint are **any** allegations that Heyward is the alter ego of MediaLab, let alone the bare elements of an alter ego theory. Even if the Complaint did contain allegations of alter ego, Plaintiff never could validly make any such allegation. Plaintiff vaguely directs all of his allegations for Fraud against multiple Defendants, rather than any Defendant in particular.

To establish "alter ego" liability, a plaintiff must plead facts demonstrating "that in all aspects of the business, the [defendant] corporations actually functioned as a single entity." *Energy Marine Servs., Inc. v. DB Mobility Logistics AG*, No. CV 15-24-GMS, 2016 WL 284432, at *3 (D. Del. Jan. 22, 2016) (granting motion to dismiss alter ego claim based on "purely conclusory assertions"). This analysis involves weighing several factors, including "gross undercapitalization, failure to observe corporate formalities, nonpayment of dividends, insolvency of debtor corporation, siphoning of funds from the debtor corporation[,] nonfunctioning of officers and directors, absence of corporate records, and whether the corporation is merely a facade for the operations of the [principal]." *Id.* Plaintiff must also establish that the "corporate form was abused, with a showing akin to fraud." *Id.*

Here, Plaintiff's alter ego allegations are devoid of any alter ego allegations and fail to even recite the bare bones elements of alter ego liability. This sort of boilerplate pleading does not establish alter ego liability and is insufficient to survive a Rule 12 motion. Even if Plaintiff recited the general elements of alter ego liability, it is still insufficient. *See*, e.g., *MH Pillars Ltd. v. Realini*, No. 15-CV-1383-PJH, 2017 WL 916414, at *14 (N.D. Cal. Mar. 8, 2017) (dismissing complaint

that "contain[ed] primarily conclusory allegations that merely recite the factors considered by courts when evaluating alter ego claims"); E*mps. Tr. Fund v. Am. Empire Bldg. Corp.,* No. 14-CV-04054 NC, 2015 WL 4538070, at *3 (N.D. Cal. July 27, 2015) (dismissing "alter ego" claim premised on a "formulaic recitation of the elements of alter ego liability," pled "on information and belief" "without any further factual allegations"); *All Cities Realty, Inc. v. Hollymax Realty, Inc*., No. SACV08195AHSMLGX, 2010 WL 11523916, at *2 (C.D. Cal. Jan. 21, 2010) (dismissing with prejudice complaint that "simply list[ed] the elements typically evaluated in determining alter ego liability" but did not "allege the facts supporting each," despite an opportunity to amend) (quotations and alteration omitted).

Plaintiff's Fraud Claim fails to state any facts to justify piercing the corporate veil. *See MH Pillars, 2017 WL 916414*, at *14 (rejecting "alter ego" theory where complaint did "not allege facts showing what each individual defendant did that would justify piercing the corporate veil"); *Nat'l Standard Fin. LLC v. Physicians Hosp. of Desert Cities LLC*, No. EDCV 13-0010-DTB, 2013 WL 12131185, at *6 (C.D. Cal. May 9, 2013) (dismissing claims based on "alter ego" theory where "Plaintiffs refer to all defendants collectively, but fail to identify any actions personally taken by an Individual defendant"); *Kingsburg Apple Packers, Inc. v. Ballantine Produce Co.,* No. 1:09-CV-901-AWI-JLT, 2010 WL 2817056, at *5 (E.D. Cal. July 16, 2010*)* (rejecting "alter ego" theory where plaintiff alleged "wrongful conduct on behalf of all defendants" without "indicat[ing] what each [d]efendant did that would justify piercing the corporate veil").

Additionally, Plaintiff does not plead the fraud element of its alter ego theory with the required particularity. "Piercing the corporate veil under the alter ego theory requires that the corporate structure cause fraud or similar injustice." *Wallace ex rel. Cencom Cable Income Partners II, Inc., L.P. v. Wood*, 752 A.2d 1175, 1184 (Del. Ch. 1999) ("grant[ing] defendant's motion to dismiss plaintiffs' claim to pierce the corporate veil of the General Partner"). "Effectively, the

corporation must be a sham and exist for no other purpose than as a vehicle for fraud." *Id.* Accordingly, the Fraud claim against Defendant Heyward must be dismissed.

**D.   Plaintiff's Fraud Claim Fails under FRCP Rule 9(b), Delaware and California law.**

***1.   Plaintiff Failed To Plead His Fraud Claim With Sufficient Particularity Under FRCP Rule 9(B), Delaware And California Law.***

While notice pleading is the standard for most cases, there is a higher pleading requirement for allegations of fraud. Under Fed. R. Civ. P. ("Rule") 9(b), Plaintiff is required to state the circumstances of his allegations of fraud with particularity. Fed. R. Civ. P. 9(b); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009). Specifically, Rule 9(b) states that "a party must state with particularity the circumstances constituting fraud…" *Id.*; *Kearns*, 567 F.3d at 1124 ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged.") (internal quotations and citations omitted). Moreover, Rule 9(b) requires more than conclusory allegations that certain statements were fraudulent. *Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1132 (N.D. Cal. 2009) (dismissing fraud claim where plaintiff plead "vague and conclusory allegations against FFB without any information as to the who, what, when, where, and how of the fraudulent concealment.").

Likewise in Delaware, the Complaint must state the circumstances constituting fraud according to the heightened pleading standard of particularity. (*See* Super. Ct. Civ. R. 9(b); Del. Ch. Ct. R. 9(b); *Young & McPherson Funeral Home, Inc. v. Butler's Home Improvement, LLC*, 2015 WL 4656486, at *3 (Del. Super. Aug. 6, 2015) (quoting *Metro Commc'n Corp. BVI v. Advanced Mobilecomm Techs. Inc.*, 854 A.2d 121, 144 (Del. Ch. 2004))

To satisfy the pleading requirements in Delaware, the plaintiff must allege facts showing: (a) the circumstances of the misrepresentation, including: the timing,

place, and contents of the misrepresentation; (b) the identity of the person making the misrepresentation; and (c) what defendant intended to gain by making the misrepresentation. *Abry Partners V, L.P. v. F & W Acquisition LLC*, 891 A.2d 1032, 1050 (Del. Ch. 2006).)

For the sake the argument as well, in California, Fraud must be plead with specificity as well. *West v. JPMorgan Chase Bank, N.A.*, 214 Cal. App. 4th 780, 793 (2013). "The specificity requirement means a plaintiff must allege facts showing how, when, where, to whom, and by what means the representations were made, and, in the case of a corporate defendant, the plaintiff must allege the names of the persons who made the representations, their authority to speak on behalf of the corporation, to whom they spoke, what they said or wrote, and when the representation was made." *Id.* (internal citations omitted).

Plaintiff's allegation of fraud is wholly conclusory and unsubstantiated by any specific factual details. Plaintiff claims in general that promises were made "through the Put Agreement" by "MediaLab, Otin Holdings, and Mr. Heyward." (*See* Compl. ¶ 69, ECF No. 3-1). Plaintiff inexplicably fails to (1) provide a copy of the Put Agreement on which the Fraud claim is based, and (2) fails to specify which, if any, of the fore-cited provisions (contained in Complaint ¶¶ 35-37; ECF No. 3-1) are at issue, or if perhaps, some other statement might constitute the allegedly fraudulent "promises." The alleged misrepresentation appears to be that Defendants "promised Mr. Lehman through the Put Agreement that Otin Holdings would purchase Mr. Lehman's MediaLab shares and that MediaLab would fund those purchases." (Compl. ¶ 69; ECF No. 3-1). However, this does not demonstrate the necessary misrepresentation of a present fact. The Complaint simply states the terms of exchanged promises constituting an agreement. Mr. Lehman has failed to specify which statements were materially false, when they were made, how they were made, who made them and why there were false. Although Plaintiff gives a

date for the effectiveness of the Put Agreement, Plaintiff vaguely states that the representations at issue were made "through the Put Agreement."

In addition to the failure to specify when the statements were made, the Fraud claim fails to establish which persons actually made these "promises." The Fraud Claim alleges "based on information and belief" that Defendants "knew" that "at the time they induced Mr. Lehman to enter the Put Agreement that MediaLab had promised or would soon promise MediaLab's lenders that MediaLab would not perform its obligations to Mr. Lehman under the Put Agreement." (Compl. ¶ 70, ECF No. 3-1). Without knowing the provisions at issue, it is unclear which combination of Defendants "they" refers to as having induced Mr. Lehman to enter the Put Agreement.

Furthermore, since the allegation of knowledge occurred "at the time they induced" entry into the Put Agreement, but the alleged misrepresentation appears to be "through the Put Agreement," the time and date of any alleged misrepresentation is set off from the effective date of the Put Agreement. Were promises made through the Put Agreement also made in advance of the entry? Or only upon the effective date? If Defendants need to prepare defenses against alleged representations, statements or omissions in advance of the effective date of the Put Agreement that "induced [Plaintiff] to enter the Put Agreement," Plaintiff has wholly failed to identify what statements are issue, when they were made, by whom.

Without more, Defendants lack sufficient notice to defend against the claim and are left guessing which provisions, statements, or other representations—made by persons uncertain, in an uncertain chronology—Plaintiff contends were fraudulently made. Plaintiff's Fraud claim must be dismissed because it is not pleaded with the requisite particularity.

### 2. *Plaintiff Cannot Demonstrate Justifiable Reliance Under Delaware Law*

Under Delaware Law, the elements of a claim for fraud at common law consist of: "1) a false representation, usually one of fact, made by the defendant; 2) the

defendant's knowledge or belief that the representation was false, or was made with reckless indifference to the truth; 3) an intent to induce the plaintiff to act or to refrain from acting; 4) the plaintiff's action or inaction taken in justifiable reliance upon the representation; and 5) damage to the plaintiff as a result of such reliance." *Stephenson v. Capano Development, Inc.* 462 A.2d 1069, 1074 (Del. 1983) (citing *Nye Odorless Incinerator Corp. v. Felton*, 162 A. 504, 510–11 (Del. Super. 1931); W. Prosser, Law of Torts, 685–86 (4th ed. 1971)).[1] In this instance, Plaintiff fails to present any substantiated facts demonstrating a detrimental and justifiable reliance on these promises. Instead, Plaintiff merely offers a bare conclusory statement asserting that he "reasonably relied" on such promises. (Compl. ¶ 72, ECF No. 3-1). Accordingly, the Fraud Claim must be dismissed.

### 3. Plaintiff Has Not Demonstrated Damages As a Result of Reliance

Under Delaware law, Plaintiff must have suffered damages as a result of its reliance.[2] *Stephenson* , 462 A.2d at 1074. Plaintiff alleges the damage is the failure to purchase shares "as required by the Put Agreement." (Compl. ¶ 74, ECF No. 3-1). This cannot plausibly show detrimental reliance on alleged misrepresentations, since it would be the very same harm incurred by the alleged breach of contract. Moreover, this would be an economic harm for which the remedies in the event of breach were expressly contracted for by the parties in allocating risks of the alleged acquisition. (*see* Compl. ¶¶ 22-23, ECF No. 3-1). Taking the allegations of the Complaint as true, Plaintiff has merely restated the alleged harm that follows from the alleged breach of contract. Plaintiff has not alleged any harm related to fraudulent statements or his reliance thereon. Separate and apart from application

---

[1] A fraud claim requires proof of justifiable reliance under California law as well. *Kenney v. Deloitte, Haskins & Sells*, No. C 91-0590 BAC, 1992 U.S. Dist. LEXIS 14600, at *6 (N.D. Cal. Sept. 1, 1992).

[2] While California law is inapplicable here, Plaintiff's claim fails under California law as well. To state a claim for fraud under California law, a plaintiff's complaint must plausibly allege: (1) a misrepresentation; (2) made with knowledge of its falsity; (3) with the intent to induce reliance; and (4) which did induce a justifiable reliance; (5) causing damages. *Schwarzkopf v. IBM*, 2010 U.S. Dist. LEXIS 46813, at *42 (N.D. Cal. May 12, 2010) (citing *Gabana Gulf Distrib., Ltd. v. Gap Int'l Sales, Inc.*, No. C 06-02584 CRB, 2008 U.S. Dist. LEXIS 1658, at *25 (N.D. Cal. Jan. 9, 2008)).

of the economic loss rule (discussed below), the Complaint cannot logically sustain Plaintiff's claim as no harm flows from any detrimental reliance on the alleged misrepresentation.

### E.    The Fraud Claim Should Be Dismissed Because The Economic Loss Rule Bars Recovery, And No Exception Applies

In California, a party cannot seek damages that are purely economic for alleged "fraud" based on acts that arise from an alleged breach of contract.[3] *Robinson Helicopter Co., Inc. v. Dana Corp.,* 34 Cal.4th 979, 988 (2004) ("[the economic loss doctrine] requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise."). In short, "[t]he fundamental rule in California is that no tort cause of action will lie where the breach of duty is nothing more than a violation of a promise which undermines the expectations of the parties to an agreement." *Oracle USA, Inc. v. XL Global Services, Inc.*, No. C 09–00537, 2009 WL 2084154, at *4 (N.D. Cal. July 13, 2009). The economic loss rule serves a valuable purpose to " 'prevent[] the law of contract and the law of tort from dissolving one into the other.' " *Id.* (quoting *Rich Products Corp. v. Kemutec, Inc.,* 66 F.Supp.2d 937, 969 (E.D.Wis.1999)). Limited exceptions include physical injury resulting from breach of duty, wrongful discharge of employee in violation of public policy, or a contract is fraudulently induced. *Id.* Nowhere does Plaintiff allege any harm to person or property, or wrongful discharge in violation of public policy. The fraudulent inducement exception, for reasons discussed herein, also does not apply. The California economic loss rule therefore bars the Fraud Claim and it is thus suitable for dismissal, with prejudice, under Rule 12(b)(6) as legally insufficient to state a claim for relief from this Court.

---

[3] Delaware courts apply the economic loss rule in a stricter fashion. A party may recover in tort only if losses are accompanied by bodily harm or property damage. *Millsboro Fire Co. v. Constr. Mgmt. Serv.,* No. 05C-06-137 MMJ, 2006 Del. Super. LEXIS 536, at *6 (Super. Ct. June 7, 2006). "In Delaware, only surveyors and those expressly in the business of supplying information such as accountants, financial advisors, and title searchers, can be liable in tort for purely economic losses." *Id.* at 8.

Plaintiff replicates the same allegations of economic damage in its breach of contract claim (Count I) as in his Fraud Claim.  In alleging breach of contract, Plaintiff alleges the breach is that of "**failing to purchase Mr. Lehman's shares** on or before September 13, 2023" and by "failing to issue and fund [a] letter of credit" intended "**to fund those purchases.**" (*See* Comp. at ¶¶ 2, 58-59; ECF No. 3-1) (emphasis added) The Fraud Claim alleges that "Mr. Lehman was harmed when MediaLab and Otin Holdings **did not purchase [Mr. Lehman's] Medialab shares** on September 13, 2023 as required by the Put Agreement." (Compl.¶ 74, ECF No. 3-1) (emphasis added).  The alleged harm—the non-purchase of shares "as required by the Put Agreement"—constitutes the precise economic damages of breach of contract. Since Plaintiff does not, and cannot, allege "harm above and beyond a broken contractual promise" the economic loss rule bars his recovery under a Fraud Claim and he must seek to "recover in contract for purely economic loss due to disappointed expectations." *See Robinson,* 34 Cal.4th at 988; *c.f. Lazar v. Superior Court.,*12 Cal. 4th 631, 643 (1996) (reasoning that precedent barring fraud claim not applicable where an employee alleges both (i) harms different from breach of the contract and (ii) detrimental reliance on misrepresentations made external to and in advance of entry into such contract).

Courts also refuse to raise fraud claims from the dead, *Lazar*-like, through the inducement exception if the alleged damages or misrepresentation are congruent with a breach claim. *See Foster Poultry Farms v. Alkar-RapidPak-MP Equipment, Inc.* 868 F. Supp.2d 983, 993 (E.D. Cal. 2012) (discussing examples where courts have held that fraud claims hinging on inducement in which "the misrepresentation that forms the basis of the fraud claim is the contract itself … are barred by the economic loss doctrine."). The Court in *Oracle* cautioned that "[v]irtually any time a contract has been breached, the party bringing suit can allege that the breaching party never intended to meet its obligations" thus permitting the inducement exception under similar circumstances risked "collaps[ing] the carefully-guarded

distinction between contract and tort law." WL 2084154 at *7 (N.D. Cal. Jul. 13, 2009). In *Multifamily Captive Group, LLC v. Assurance Risk Managers, Inc.*, the court found that fraud claims were barred because damages sought were the same as those arising from breach of the agreement, observing  that: "To allow a fraud claim under these facts would 'open the door to tort claims in virtually every case in which a party promised to make payments under a contract but failed to do so.' " 629 F.Supp.2d 1135, 1146 (E.D. Cal. 2009) (quoting *Intelligraphics, Inc. v. Marvell Semiconductor, Inc.*, No. C07–02499 JCS, 2009 WL 330259, at *17 (N.D. Cal. Feb. 10, 2009).

Applying a charitably narrow lens to ignore the particularity issues, the most specific statement in the Fraud Claim characterizing the alleged misrepresentation is that Defendants "promised Mr. Lehman **through the Put Agreement** that Otin Holdings would purchase Mr. Lehman's MediaLab shares and that MediaLab would fund those purchases." (Compl. ¶ 69, ECF No. 3-1) (*emphasis added*). This "alleged misrepresentation that forms the basis" of the Fraud Claim is plainly that of "the contract itself." *See Alkar* 868 F. Supp.2d at 993. Plaintiff cannot sustain its claim by casting an allegedly broken promise within a contract as fraudulent inducement into the self-same contract.

Ultimately, the only harm alleged is a failure to pay pursuant to a contract. The economic loss rule applies in such a case concerning purely economic damages. *Robinson,* 34 Cal.4th at 988. An inducement exception does not apply since Plaintiff's Fraud Claim alleges that promises made "through the Put Agreement" constitute the necessary misrepresentations for fraudulent inducement. *See Alkar, supra,* at 993. As Plaintiff alleges that Defendants "promised to make payments under a contract but failed to do so" to permit the exception would risk opening the door to tort claims in "virtually every case [of non-payment]." *See Multifamily* at 1146. The economic loss rule bars the requested relief and no exception applies,

therefore the Fraud Claim is not legally cognizable and must be dismissed pursuant to 12(b)(6).

### F. Plaintiff Has Waived Jury Trial

Plaintiff makes a demand for jury trial in the Complaint. However, pursuant to the Put Agreement it seeks to enforce, Plaintiff has waived jury trial. Under section 15 of the Put Agreement, "Each party irrevocably and unconditionally waives any right it may have to a trial by jury in respect of any legal action arising out of or relating to this Agreement or the transactions contemplated hereby. Each party to this Agreement certifies and acknowledges that (a) no representative of any other party has represented, expressly or otherwise, that such other party would not seek to enforce the foregoing waiver in the event of a legal action; (b) such party has considered the implications of this waiver; (c) such party makes this waiver voluntarily; and (d) such party has been induced to enter into this Agreement by, among other things, the mutual waivers and certifications in this <u>Section 15</u>." Accordingly, Plaintiff has waived its right to a jury trial.

### G. In the Alternative, The Court Should Stay This Action Until the Arbitration is Complete.

As stated herein, the parties are concurrently engaged in Arbitration based upon the same nucleus of facts. Specifically, Plaintiff and Defendants concurrently entered into two agreements following the acquisition of Plaintiff's company. Now, Plaintiff brings two separate actions against Defendants based upon the agreements. Thus, should the Court deny Defendants' Motion, Defendants respectfully request the Court to stay this action pending resolution of the Arbitration.

### V. CONCLUSION

For the reasons set forth above, Defendants MediaLab.AI, Inc. and Michael Heyward respectfully request that the Court grant its Motion to Dismiss Plaintiff's Complaint. In the alternative, Defendants request the Court to dismiss the fraud claim and stay this action until the arbitration has been concluded.

1
2   Dated: January 15, 2024                **PESSAH LAW GROUP, PC**
3
4
5                                  By:  _/s/ Maurice Pessah_
6
7                                      Maurice D. Pessah
                                       Attorneys for Defendants,
8                                      MEDIALAB.AI, INC. and
                                       MICHAEL HEYWARD
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS MEDIALAB.AI, INC. AND MICHAEL HEYWARD'S NOTICE OF MOTION AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT